UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

United States of America,

        Plaintiff,

vs.                        REPORT AND RECOMMENDATION

Tracy Lee Shenett,

        Defendant.            Crim. No. 05-431 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendant Tracy Lee Shenett to Suppress Evidence Obtained with a Warrant. A Hearing on the Motion was conducted on January 18, 2006, at which time, the Defendant appeared personally, and by Kevin C. Cornwell, Esq., and the Government appeared by Tracy L. Perzel, Assistant United States Attorney.[1]

---

[1] At the close of the Hearing, the parties requested leave to submit post-Hearing memoranda on the legal issues raised by the Defendant's Motion. Leave was granted, and the last brief on the issues was received on January 30, 2006, at which time, the
(continued...)


For reasons which follow, we recommend that the Defendant's Motion to Suppress Evidence Obtained with a Warrant be denied.

## II. Factual Background

The Defendant is charged with one Count of Bank Robbery, in violation of Title 18 U.S.C. §§2113(a). The alleged offense is said to have occurred on or about December 5, 2005, in this State and District. As pertinent to that charge, and to the Motion now before us, the operative facts may be briefly summarized.[2]

On December 5, 2005, robberies occurred at the Western National Bank, as well as at the Pan of Gold bakery, both of which are located in Duluth, Minnesota. Law enforcement authorities suspected that the Defendant was the perpetrator of those

---

[1](...continued)
Motions were taken under advisement. See, Title 18 U.S.C. §3161(h) (1)(F) and (J); Henderson v. United States, 476 U.S. 321, 330-32 (1986); United States v. Blankenship, 67 F.3d 673, 767-77 (8th Cir. 1995).

[2]Rule 12(e), Federal Rules of Criminal Procedure, provides that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." As augmented by our recitation of factual findings in our "Discussion," the essential factual findings, that are required by the Recommendations we make, are contained in this segment of our Opinion. Of course, these factual findings are preliminary in nature, are confined solely to the Motions before the Court, and are subject to such future modification as the subsequent devel-opment of the facts and law may require. See, United States v. Moore, 936 F.2d 287, 288-89 (6th Cir. 1991); United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir. 1990).

robberies, and officers arranged to conduct surveillance around the Defendant's residence.  At approximately 9:00 o'clock p.m., on December 5, Scott Campbell ("Campbell"), who is a Sergeant with the Duluth Police Department, began to draft a Search Warrant Application for the Defendant's residence.  Campbell and Scott Tisak ("Tisak"), who is a Special Agent with the Federal Bureau of Investigation, subsequently presented the Search Warrant Application to the Honorable Shawn Floerke ("Judge Floerke"), who is a Minnesota State Court Judge, at Judge Floerke's home, at approximately 10:30 o'clock p.m.

After reviewing the Search Warrant Application, Judge Floerke called Campbell's attention to a number of concerns, including the absence of a request for authorization to conduct a nighttime search.  Campbell testified that he advised Judge Floerke that a nighttime search was being requested, and that Judge Floerke instructed him to memorialize that request at the bottom of the Search Warrant Application.  Campbell proceeded to place a handwritten request for a nighttime search at the bottom of his Search Warrant Application.  See, Government Exhibit 1.  Judge Floerke then reviewed the amended Search Warrant Application, and signed a Search Warrant for the Defendant's residence.  However, the Search Warrant itself, did not

contain any authorization for Campbell to conduct a nighttime search. The Search Warrant was subsequently executed during the nighttime hours.

Campbell testified that his initial failure to include a request for a nighttime search, in the Search Warrant Application, was an oversight; that he subsequently added such language to the Application after its absence was brought to his attention by Judge Floerke; and that it was his belief that Judge Floerke had authorized a nighttime Search.

### III. Discussion

The sole issue raised by the Defendant's Motion is whether the conduct of the nighttime search, in the absence of an explicit authorization on the face of the Search Warrant, requires suppression of the evidence that was obtained during the execution of the Search Warrant. In moving for suppression, the Defendant has directed our attention to Rule 41(e)(2)(B), Federal Rules of Criminal Procedure, which requires a Search Warrant to "command the officer to * * *execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time." The Government does not contest the Defendant's assertion that the Search Warrant, on its face, failed to authorize a nighttime search, but instead, urges that suppression of evidence is not automatic, see, United States v. Berry, 113 F.3d 121

(8th Cir. 1997), and further, that the good faith exception, which was enunciated in United States v. Leon, 468 U.S. 897, 922-23 (1984), should apply.[3]

"Rule 41 and the Fourth Amendment are not coextensive," and "[n]oncompliance with [Rule] 41 prerequisites does not automatically require the exclusion of evidence in a federal prosecution." United States v. Schoenheit, 856 F.2d 74, 76-77 (8th Cir. 1988), citing United States v. Brown, 584 F.2d 282, 258 (8th Cir. 1978), cert. denied, 440 U.S. 910 (1979). In determining whether a violation of Rule 41 requires suppression, our Court of Appeals has adopted the rule set forth in United States v. Burke, 517 F.2d 377, 386-87 (2nd Cir. 1975), which provides that suppression is proper, only where "(1) 'there was prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed,' or (2) 'there is evidence of intentional or deliberate disregard of a provision in the rule.'" United States v. Burgard, 551 F.2d 190, 193 (8th Cir. 1977), quoting United States v. Burke, supra at 386-87; see, United States v. Bieri, 21 F.3d 811, 816 (8th Cir. 1994), cert. denied, 513 U.S. 878 (1994)("We apply the exclusionary rule to violations of

---

[3]The Government concedes that the involvement of Tisak, in the presentment of the Search Warrant Application, as well as in the execution of the search, was sufficient to subject the Warrant to the requirements of Rule 41, as a Federal Warrant. See, United States v. MacConnell, 868 F.2d 281, 283 (8th Cir. 1989).

Rule 41 only if a defendant is prejudiced or reckless disregard of proper procedure is evident."), citing United States v. Freeman, 897 F.2d 346, 348-49 (8th Cir. 1990); United States v. Brown, supra at 258; United States v. Schoenheit, supra at 77. In the absence of such a showing, suppression is inappropriate.

Here, the Defendant has urged that Campbell, as well as the other officers who were involved in the search of his residence, acted in deliberate disregard of the requirements of Rule 41.[4]  In support of that assertion, the Defendant notes that Campbell was an experienced officer, and that Campbell had acknowledged his awareness of the requirement that nighttime searches be specifically requested and authorized. The Defendant also contends that the Record fails to demonstrate the grounds upon which Campbell believed that Judge Floerke had authorized a nighttime search, and that it is plausible that Judge Floerke, who is presumably knowledgeable

---

[4] The Defendant does not argue that he suffered prejudice as a result of the unauthorized nighttime search and, in any event, such an argument would be without merit. See, United States v. Bieri, 21 F.3d 811, 816 (8th Cir. 1994), cert. denied, 513 U.S. 878 (1994)("Here the warrant was not unconstitutional and the [defendants] suffered no prejudice because authorization for a night search does not need to be listed in the warrant."); see also, United States v. Berry, 113 F.3d 121, 123 (8th Cir. 1997)("[N]ight searches are not per se unconstitutional."); United States v. Schoenheit, 856 F.2d 74, 77 (8th Cir. 1988).

of the requirement that nighttime searches be authorized in a Search Warrant, did not believe that a nighttime search was justified under the circumstances.

The Defendant has also directed our attention to the analysis of the Court of Appeals for the First Circuit, in <u>United States v. Brown</u>, 251 F.3d 286 (1st Cir. 2001). In <u>Brown</u>, an officer with the Rhode Island State Police presented a Search Warrant Application to a State Court Judge, which consisted of a Complaint and a Supporting Affidavit. <u>Id.</u> at p. 288. However, the Affidavit and Complaint were inconsistent, in that the Affidavit contained a request for authorization to conduct a "no knock" entry, while the Complaint did not. The officer, and the State Court Judge, discussed the inconsistency, and the Judge directed the officer to correct the Complaint, in order to reflect that a "no knock" entry was being sought. <u>Id.</u> at 289. The officer proceeded to make notations on the Complaint, and the Judge subsequently issued the Search Warrant. However, much like here, the Search Warrant, itself, did not contain an authorization for a "no knock" entry. Nevertheless, the officer testified that he believed that the Judge had authorized a "no knock" entry, and the officers who executed the Search Warrant did not announce their presence before entering the defendant's residence. <u>Id.</u>

The defendant, in Brown, argued that the failure of the officers to announce their presence prior to entering his apartment mandated suppression.  The District Court declined to suppress the evidence obtained as a result of the entry, but did not address whether the State Court Judge had authorized the "no-knock" entry, or whether the Affiant reasonably believed that such an entry had been authorized.  Id. at 290.  The Court of Appeals was troubled by the analysis of the District Court, observing that, "[i]n effect, * * * the court found that the officers were justified in making a no knock entry even if their request for permission to do so had been refused."  Id. at 292.  The Court of Appeals further emphasized that the Search Warrant was executed under the same circumstances that had been presented to the State Court Judge.  Id. at 293.

The Court's analysis, in Brown, does not support the Defendant's position for several reasons.  First and foremost, the opinion that the Defendant relies upon was subsequently withdrawn, by the Court sitting en banc, which subsequently affirmed the Order of the District Court by an equally divided Court.  See, United States v. Brown, 276 F.3d 214 (1st Cir. 2001).   Moreover, while the "knock and announce" requirement, which was at issue in Brown, is encompassed within the reasonableness requirement of the Fourth Amendment, see, Richards v. Wisconsin, 520 U.S. 385, 394

(1997); Wilson v. Arkansas, 514 U.S. 927, 936 (1995), the requirements of Rule 41(e)(2)(B), are "procedural," and are "not required by the fourth amendment." See, United States v. Schoenheit, supra at 77, citing United States v. Searp, 586 F.2d 1117, 1122-25 (6th Cir. 1978), cert. denied, 440 U.S. 921 (1979); see also, United States v. Berry, supra at 123 ("[N]ight searches are not per se unconstitutional."); but cf., United States v. Maholy, 1 F.3d 718, 721-22 (8th Cir. 1993)(assuming that a nighttime search violated the Fourth Amendment, but finding that the "good faith" exception precluded suppression). Lastly, to the extent that the analysis in Brown provides any guidance in the pending matter, the Court, in Brown, did not hold that suppression was necessary, because of the failure to transpose the officer's request for a "no knock" entry from the Search Warrant Application to the Search Warrant itself, but instead, the Court instructed the District Court to consider whether the issuing Judicial Officer intended to authorize a "no knock" entry, as well as whether the officer's belief that a "no knock" entry had been authorized was objectively reasonable under United States Leon, supra. See, United States v. Brown, supra at 297.

We find the Court's holding in <u>United States v. Berry</u>, supra, to be instructive, if not controlling.[5] In <u>Berry</u>, a Search Warrant was issued, which authorized a nighttime search for only a limited area of the defendant's residence. <u>Id.</u> at 122. However, the Search Warrant Application specifically requested authorization for a nighttime search of the entire residence, curtilage, and vehicles, and it contained averments to the effect that a nighttime search was necessary in order to protect officer safety, and to prevent the destruction of evidence. <u>Id.</u> The Search Warrant was subsequently executed, during the nighttime hours, and the District Court suppressed the evidence that was uncovered, during the search, since all of the evidence was discovered outside of the limited area that was identified in the Search Warrant.

Our Court of Appeals reversed the District Court, finding that the evidence did not support a finding of deliberate disregard, reasoning as follows:

---

[5]The Search Warrant in <u>United States v. Berry</u>, 113 F.3d 121 (8th Cir. 1997) was governed by Title 21 U.S.C. §879, which applies to offenses involving controlled substances, and is inapplicable in the present case. However, there, the Court expressly found that the cases interpreting Rule 41 were relevant to its determination. <u>Id.</u> at 123. The Court proceeded to apply the same two part analysis that was articulated in <u>United States v. Bieri</u>, 21 F.3d 811, 816 (8th Cir. 1994), cert. denied, 513 U.S. 878 (1994), for determining the propriety of suppression for violations of Rule 41, in order to determine whether suppression was required under Section 879. <u>Id.</u> Accordingly, the analysis in <u>Berry</u> is instructive to the issue presently before us concerning the propriety of suppression for a violation of Rule 41.

> Further, there was no "reckless disregard of proper procedure." We think it safe to say that [the Affiant], who prepared the affidavit and the warrant application, did not go to a judge's home at 12:30 in the morning for authorization with the idea that he would execute the warrant the next day, or on some later day. [The Affiant] obviously felt some exigency, and when he participated in the search forty-five minutes later, he and his colleagues clearly believed [the Affiant] had sought and received authority for a night search. We hold that they did not act in bad faith, and therefore did not act in reckless disregard of proper procedure.

Id. at 123.

Here, the Record does not support a finding that Campbell, or any other officer, acted in deliberate disregard of the requirements of Rule 41. On the contrary, Campbell's uncontradicted testimony reflects that he went to the home of Judge Floerke at approximately 10:30 o'clock p.m., in order to obtain the Search Warrant, and that his initial failure to include a request for a nighttime search in the Search Warrant Application was an oversight. Judge Floerke apparently recognized the oversight, and inquired whether a nighttime search was being requested. Campbell advised Judge Floerke that a nighttime search was being requested and, following Judge Floerke's instruction, Campbell memorialized that request at the bottom of the Search Warrant Application. Judge Floerke then reviewed the Search Warrant Application, including the request for authorization to conduct a nighttime search, and signed the Search

Warrant. Judge Floerke did not request that the authorization for the nighttime search be added to the Search Warrant itself, and Campbell testified that it was his belief that Judge Floerke had authorized a nighttime search.

The circumstances do not warrant suppression under Rule 41. Simply put, there is no evidence that Campbell, or any other officer, engaged in an intentional or deliberate attempt to violate the requirements of Rule 41, or otherwise acted in bad faith. See, United States v. Berry, supra at 123 ("[B]ecause no evidence exists that the officers acted in bad faith, it follows that there was no reckless disregard of proper procedure."), quoting United States v. Bieri, supra at 816, citing, in turn, United States v. Hyten, 5 F.3d 1154, 1157 (8th Cir. 1993)("[O]ur prior determination that [the officers] acted in good faith precludes any finding of deliberate disregard of proper procedure on their part."). The Defendant has not presented any evidence that would cast doubt upon the veracity of Campbell's testimony -- that his failure to include the request for a nighttime search in the Search Warrant Application was an oversight -- and the fact that the Search Warrant Application was presented to Judge Floerke at his home, in the late evening hours, supports Campbell's testimony. See, United States v. Berry, supra at 123; United States v. Searp, supra at 1122 (finding no prejudice, or deliberate disregard, where the circumstances justified the issuing of a nighttime

search, and "the [State Court] judge * * * undoubtedly knew that such a search would occur, since he was requested to and did issue the warrant in the middle of the night."). Accordingly, much like in Berry, we are satisfied that Campbell, as well as the other officers, clearly believed that Campbell had sought, and received, authorization to conduct a nighttime search of the Defendant's residence. Therefore, suppression would be inappropriate under Rule 41.

The Government has also argued that, even assuming that the absence of authorization to conduct a nighttime search on the face of the Warrant gives rise to constitutional violation, the good faith exception, as articulated in United States v. Leon, supra, precludes suppression of the evidence uncovered during the search of the Defendant's residence. Again, the analysis in Berry is instructive, as the Court there applied the good faith exception in United States v. Leon, supra, in the alternative, to uphold the validity of the search. The Court observed, as follows:

> It is apparent to us that the wording of the concluding paragraph in the warrant was the result of some sort of clerical error, and that the language remained in the warrant as it ultimately was authorized and executed because of the inattention of [the Affiant] and the issuing judge. We know this from examining the affidavit, which clearly anticipated a night search of all areas, and the first part of the warrant, where all areas to be searched are listed. * * * Moreover, [the Affiant] not only prepared the affidavit and the

> warrant, with the knowledge that he was seeking authority for a night search of the entire premises, but he also participated in executing the warrant. "This fact is significant because in assessing whether reliance on a search warrant was objectively reasonable under the totality of the circumstances, it is appropriate to take into account the knowledge that an officer in the searching officer's position would have possessed." United States v. Curry, 911 F.2d 72, 78 (8th Cir. 1990), cert. denied, 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). Given the circumstances of the warrant's preparation and authorization, we have no difficulty in concluding that [the Affiant] reasonably believed he had authority for a night search of all areas listed in the affidavit. In addition, it is important to recall here that "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges." Leon, 468 U.S. at 916, 104 S.Ct. at 3417.

Id. at 124.

For many of the same reasons, we find that Leon "good faith" exception also precludes suppression. Given Judge Floerke's specific recognition of Campbell's initial failure to request a nighttime search, along with Campbell's adherence to Judge Floerke's instructions to remedy the defect, together with the timing of the presentment and issuance of the Search Warrant, we are persuaded that Campbell's belief, that Judge Floerke had authorized a nighttime search, was objectively reasonable, despite the absence of written authorization on the face of the Search Warrant.

In sum, suppression is improper under the principles set forth in <u>United States v. Bieri</u>, supra at 816, in that there is nothing in the Record to establish that the Defendant suffered prejudice as a result of the nighttime search, or that Campbell, or any other law enforcement officer, intentionally or deliberately disregarded the requirements of Rule 41.  Moreover, even assuming a constitutional violation, Campbell's and the other officers' objectively reasonable belief that Judge Floerke had authorized a nighttime search precludes the application of the exclusionary rule under <u>United States v. Leon</u>, supra.  Therefore, we recommend that the Defendant's Motion to Suppress Evidence Obtained With a Warrant be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendant's Motion to Suppress Evidence Obtained With a Warrant [Docket No. 13] be denied.

Dated:  February 22, 2006                    *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 10, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 10, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.