# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       **MEMORANDUM OF LAW & ORDER**
       Criminal File No. 05-431 (MJD/RLE)

TRACY LEE SHENETT,

       Defendant.

Michelle E. Jones, Assistant United States Attorney, Counsel for Plaintiff.

Tracy Lee Shenett, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Tracy Lee Shenett's Motion for Relief from Void Judgment Pursuant to Rule 60(b)(4), Fed. R. Civ. P., or Rule 32(d), Fed. R. Crim. P., or for Alternative Relief [Docket No. 62] and Motion for Summary Judgment on Rule 60 Motion.  [Docket No. 63]

## II.    BACKGROUND

On December 20, 2005, an indictment was filed against Defendant Tracy Lee Shenett ("the Defendant") charging him with bank robbery in violation of 18 U.S.C. § 2113(a).  The Defendant entered a guilty plea on June 19, 2006.  The

Defendant's criminal record included two prior convictions:  one conviction for second-degree burglary of a liquor store, and another for third-degree burglary of a restaurant.  In the Defendant's Plea Agreement and Sentencing Stipulations [Docket No. 35] the parties had differing opinions as to whether the Defendant qualified as a career offender under U.S.S.G. § 4B1.1, due to a circuit split as to whether burglaries of commercial buildings qualify as crimes of violence under the Guidelines.  Although the Defendant took the position that he was not a career offender, at the time of his guilty plea, the Defendant acknowledged that he had gone over the Guidelines and the "issue of whether or not [he was] a career criminal."  ([Docket No. 59] Plea Hrg. Tr. at 14.)  He further acknowledged the Government's position as to his career offender status, saying, "I mean, there's second degree burglary and third degree burglary.  Like in the guidelines book I know it says burglary of a dwelling.  These were businesses that were closed.  It was 17 years ago that one of them was."  (Id. at 19.)

The Defendant testified that he reviewed his plea agreement, which included the mandatory statutory penalties for his offense.  (Id. at 3.)  The Defendant understood that the maximum statutory penalty was a term of imprisonment up to 20 years.  (Id.)  When asked whether or not he was satisfied

with his counsel's representation, the Defendant answered in the affirmative.

(Id. at 18.)

On December 12, 2006, the Court sentenced the Defendant to 151 months.

At his sentencing hearing, the Defendant's counsel objected to the Defendant

being classified as a career offender, again citing an inter-circuit split. ([Docket

No. 62-1] Sentencing Hrg. Tr. 4-6.)  In deciding the Defendant's sentence, the

Court determined that the Defendant was a career offender, stating,

> "[A]s your counsel has probably told you and should have told you,
> I have to follow the law of this circuit, the Eighth Circuit, which has
> clearly classified burglaries of businesses as crimes of violence.  That
> was reaffirmed this year and . . . there's no way I can get around that
> classification."

(Id. at 8.)

The Defendant appealed his sentence to the Eighth Circuit, arguing that

this Court erred in sentencing him as a career offender because neither of his

prior burglaries were crimes of violence under U.S.S.G. § 4B1.2(a), which states:

> (a) The term "crime of violence" means any offense under federal or
> state law, punishable by imprisonment for a term exceeding one
> year, that —
> . . .
> (2) is burglary of a dwelling, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents a serious
> potential risk of physical injury to another.

On appeal, the Eighth Circuit affirmed the Court's sentence, citing precedent that "commercial burglaries constitute crimes of violence under section 4B1.2 because of the serious potential risk of injury to others inherent in the offense."  United States v. Shenett, 240 Fed. App'x 160, 161 (8th Cir. 2007) (citations omitted).  The Defendant then filed a Petition for Writ of Certiorari to the United States Supreme Court.  [Docket No. 58]  The Supreme Court denied the Defendant's Petition on April 28, 2008.  [Docket No. 60]

In November, 2008, the Defendant consulted with an attorney "to determine whether [he] should file a motion pursuant to 28 U.S.C. § 2255 . . . based on ineffective assistance of counsel."  (Def.'s Mot. Relief J., Ex. C, Letter from James M. Braden, Esq., to Thomas R. Moore, Esq., dated November 20, 2008 at p. 1.)  The post-conviction attorney concluded that a motion claiming ineffective assistance of counsel would be unsuccessful.  Based on that advice, the Defendant states that he did not timely file a § 2255 motion.  (Id. at p. 9, n.5.)

The Defendant filed the current Motion on August 4, 2014.

## III.    DISCUSSION

The Defendant requests relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) on grounds that his defense counsel induced him to

4

plead guilty on the "illegal" premise that he would not be sentenced as a career offender.  (Def.'s Mot. Relief J. 8.)  The Defendant further claims that counsel failed to advise him of Eighth Circuit precedent regarding whether his prior burglaries were crimes of violence under U.S.S.G. § 4B1.2(a).  (Id.)

### A.    Rule 60(b)(4)

It is well established that a Rule 60(b) motion may not be used to "relieve a party from operation of a judgment of conviction or sentence in a criminal case." See, e.g., United States v. Hunt, No. 4:07-CR-121, 2008 WL 4186258, at *1 (E.D. Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)"); United States v. Eggleston, 24 F. App'x 656 (8th Cir. 2002) (stating that Rule 60(b) applies only to civil cases).  Thus, the Court will construe the Defendant's motion as a motion to set aside, vacate or correct his sentence pursuant to 28 U.S.C. § 2255.  See Lewis v. United States, 555 F.2d 1360, 1361-62 (8th Cir. 1977) (affirming dismissal of defendant's Rule 60(b)(4) motion that was construed by the district court as a § 2255 motion).

### B.    Section 2255

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

## 1.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2255 motions.  The limitations period begins to run from the latest of four triggering dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

The Defendant does not assert that grounds (2)-(4) apply. Thus, the triggering date in the instant case is April 28, 2008, the date that the United States Supreme Court denied the Defendant's petition for writ of certiorari. See Campa-Fabela v. United States, 339 F.3d 993, 993-94 (8th Cir. 2003) (holding that the defendant's § 2255 motion was untimely because it was filed more than one year after the Supreme Court denied the defendant's petition for a writ of certiorari). Defendant filed the instant motion on August 4, 2014, more than five years after the relevant triggering date. Therefore, the Defendant's motion is time-barred.

### 2.      Whether Equitable Tolling Applies

Under limited circumstances, the doctrine of equitable tolling can pause the running of, or "toll," a statute of limitations period. Lozano v. Montoya Alvarez, 134 S. Ct. 1224, 1231 (2014). In the context of § 2255 motions, "the one-year statute of limitation may be equitably tolled only if [the movant] shows (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  Equitable tolling is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).

The Defendant has not demonstrated that extraordinary circumstances stood in the way of his filing a timely § 2255 motion.  Defendant admits that he contemplated filing a timely § 2255 motion, but declined to do so based on advice from post-conviction counsel.  To the extent that Defendant argues that his § 2255 motion should be equitably tolled because of erroneous advice from post-conviction counsel, nothing in the record indicates that the Defendant's post-conviction counsel acted so outrageously or incompetently as to render Defendant's circumstances extraordinary.  Thus, the Court will not equitably toll the one-year statute of limitations on the Defendant's motion.

## C.    Success on the Merits

Even if this Court were to allow the Defendant to proceed on the merits of his Rule 60(b) motion—which the Court construes as a § 2255 motion—the

Defendant's motion fails.  The Defendant argues that his counsel did not advise

him of Eighth Circuit precedent regarding whether burglaries are crimes of

violence under § 4B1.2(a), and thus whether the Defendant would be sentenced

as a career offender.  Therefore, the Defendant claims that his sentence is void.

To succeed on his ineffective assistance of counsel claim, the Defendant

must show not only that his counsel's performance was deficient, but that he was

prejudiced by his counsel's incompetence.  <u>Strickland v. Washington</u>, 466 U.S.

668 (1984); <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985) (two-part <u>Strickland</u> test

applies to ineffective-assistance claims arising out of the plea process).  In order

to show prejudice, the Defendant must demonstrate a reasonable probability

that, but for his counsel's errors, he would not have pleaded guilty but rather

would have proceeded to trial.  <u>United States v. Davis</u>, 508 F.3d 461, 463 (8th Cir.

2007) (citing <u>Hill</u>, 474 U.S. at 58-59.)

### 1.    Whether Defendant's Counsel's Advice Was Deficient

The Defendant has not shown that his counsel's advice was deficient.  The

record illustrates that the Defendant was properly advised of the implications of

his guilty plea and possible sentence, including the issue of whether he was a

career criminal.  Moreover, the Defendant's plea agreement included the

mandatory statutory penalties for his offense, and he acknowledged that he

faced a maximum statutory penalty of twenty years.  "A defendant is not

constitutionally entitled to more advice than this."  <u>Davis</u>, 508 F.3d at 463

(defendant failed to establish either prong of <u>Hill</u> analysis where counsel advised

him of the statutory maximum and minimum sentences).

Even if the Defendant were able to show that his counsel failed to advise

him on his possible sentence as a career offender, the Eighth Circuit has indicated

that such a showing may not give rise to a viable claim for ineffective assistance

of counsel.   In <u>Thomas v. United States</u>, 27 F.3d 321, 325-26 (8th Cir. 1994), the

defendant filed a § 2255 motion alleging that he was denied effective assistance

of counsel throughout plea proceedings because his lawyer did not advise him

that he could be sentenced as a career offender under the Guidelines.  The Court

held that the defendant's lawyer's failure to inform the defendant of the

possibility that he might be sentenced as a career offender <u>did not</u> establish that

the lawyer's "representation fell below an objective standard of reasonableness."

<u>Thomas</u>, 27 F.3d at 326 (citations omitted).  Turning to the instant case, it is clear

that unlike the defendant in <u>Thomas</u>, this Defendant was informed at his plea

hearing that he could possibly be sentenced as a career offender.  Under these

circumstances, the Defendant cannot show that his counsel's performance was deficient.

## 2.    Prejudice

Because the Court concludes that the Defendant's counsel's performance was not deficient, it need not consider whether counsel's deficient performance prejudiced the Defendant.  Chandler v. Armontrout, 940 F.2d 363, 365 (8th Cir. 1991) ("The court need not consider the prejudice element if the performance element has not been satisfied, and vice versa.") (citing Strickland, 466 U.S. at 697).

## D.    Alternative Relief

Should this Court deny the Defendant relief under Rule 60(b), the Defendant requests alternative relief under Federal Rules of Criminal Procedure 32(d) and 11, as well as The All Writs Act, codified at 28 U.S.C. § 1651.  Finally, the Defendant asks the Court to issue an order to show cause as to why the Defendant's plea agreement should not be vacated based on ineffective assistance of counsel.

For the reasons cited above, the Court denies the Defendant's motions for alternative relief based on ineffective assistance of counsel.

## IV.    EVIDENTIARY HEARING

"A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief."  <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995) (citing 28 U.S.C. § 2255; <u>Voytik v. United States</u>, 778 F.2d 1306, 1308 (8th Cir. 1985)).  Accordingly, "a petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  <u>United States v. Rodriguez Rodriguez</u>, 929 F.2d 747, 749–50 (1st Cir. 1991) (citations omitted).

The Court concludes that the Defendant's ineffective assistance of counsel allegations are contradicted by the record.  The Court denies an evidentiary hearing on the Defendant's Motion.

## V.   CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue only if the Defendant has made a substantial showing of the denial of a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2).  The Defendant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 894 (1983).

With regard to the Court's decision on the merits, it concludes that no

"reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of

Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED:**

1.. Defendant Tracy Lee Shenett's Motion for Relief from Void Judgment Pursuant to Rule 60(b)(4), Fed. R. Civ. P., or Rule 32(d), Fed. R. Crim. P., or for Alternative Relief [Docket No. 62] is **DENIED.**

2. Defendant's Motion for Summary Judgment on Rule 60 Motion [Docket No. 63] is **DENIED.**

3. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 24, 2015          s/ Michael J. Davis
                               Michael J. Davis
                               Chief Judge
                               United States District Court

13